MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
JEFFREY B. SCHENK (CABN 234355)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5045
    FAX: (408) 535-5066
    jeff.nedrow@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PATRICIA DE LA TORRE and <br> JESUS SALINAS, <br><br> Defendants. | Case No.: CR 12-00887-EJD <br><br> UNITED STATES' SUPPLEMENTAL OPPOSITION TO MOTION FOR SPECIAL INSTRUCTION RE IN LOCO PARENTIS |

      On April 18, 2014, the defendant, Jesus Salinas, filed a motion with this Court regarding "*In Loco Parentis*" and Lack of Consent. [Docket No. 70.] On May 23, 2014, the United States filed its response to this Motion. [Docket No. 88.] Then, on September 18, 2014, the defendant filed supplemental briefing on this topic. [Docket No. 133.] The United States now files this brief, supplementing its original response to the defendant's filing.

      The defendant's supplemental briefing fails to correct and suffers from the same flaws, as his initial motion. Simply put, there is no Ninth Circuit authority for the law as he wishes it to be. The

GOVERNMENT'S SUPPLEMENTAL IN LOCO PARENTIS OPPOSTION
CR 12-00887-EJD

defendant requests that this Court require the government to prove beyond a reasonable doubt that no defendant in this conspiracy functioned as a surrogate parent. In the defendant's original briefing and in his supplemental briefing, the defendant fails to cite a single Ninth Circuit case requiring such proof by the government, in either a prosecution for kidnapping under Title 18, United States Code, Sections 1201(a)(1), (c), or (g)(1), or in a prosecution for hostage taking under Title 18, United States Code, Section 1203(a). The Ninth Circuit Model Jury Instructions for a violation of § 1201(a)(1) kidnapping are:

(1) The defendant kidnapped/seized/confined [the kidnapped person];

(2) The defendant held [the kidnapped person] for ransom, reward, or other benefit; and

(3) The defendant intentionally transported [the kidnapped person] across state lines.

Ninth Cir. Model Jury Instr. 8.114 (2010).

The 9th Circuit Model Jury Instructions for a violation of § 1203(a) hostage taking are:

(1) The defendant intentionally seized or detained a person;

(2) The defendant threatened to kill, injure, or continue to detain that person, and

(3) The defendant did so with the purpose and intention of compelling a third person to act, or refrain from acting, in some way, as an explicit or implicit condition for the release of the seized or detained person.

Ninth Cir. Model Jury Instr. 8.120 (2010).

The Ninth Circuit has never recognized an *in loco parentis* defense, nor has it required the government to disprove a defendant's claim of consent or of being a surrogate parent for either offense.

Moreover, the defendant's request for this Court to rule, pretrial, that the government is required to prove more than the required elements of the charged offenses is factually baseless. The defendant's supplemental briefing continues to rely upon conclusory arguments. For instance, the defendant claims, "…given the wealth of evidence that Sarani Hernandez consented to the placement of her children with

Maria Valenzuela…" he is entitled to supplement the Model Jury Instructions.  Defendant's Supplemental Briefing at 1.  First, the defense has never provided credible evidence that Hernandez consented to the indefinite detention of her children.  The defendant's claim that she did is merely his version of the events – an argument he is free to make at trial, but not one that entitles him to the addition of unprecedented statutory elements.  Second, the defendant is asking the Court to prejudge evidence regarding Hernandez and her consent or lack thereof concerning the placement of her children with the defendant and his confederates.  It is premature to ask this Court to make such a determination.  Just as obviously, the Court cannot now prejudge evidence regarding the indefinite detention of the victims by Salinas and Delatorre.  The government respectfully requests that the Court instruct the trial jury according to the Model Jury Instructions, consistent with Ninth Circuit precedent.  Nothing more, nothing less.

As discussed in the government's original opposition, § 1201 includes a parental exception to the kidnapping offense.  While some circuits have extended the parental exception to surrogate parents, the Ninth Circuit has not.  At this point, the Court has insufficient evidence to determine, even if a surrogate parent exception existed in the Ninth Circuit, whether the defendants satisfy such an exception.  The defendant's conclusory claim regarding "the wealth of evidence" is nothing more than another attempt to try this case through pretrial motions.

Lastly, as discussed in greater detail in the government's original opposition, in the Tenth Circuit, one that has found a surrogate parent exception, this affirmative defense may be claimed if the "parent," prior to the kidnapping, performed the incidences of parenthood.  *United States v. Floyd*, 81 F.3d 1517, 1522 (10th Cir. 1996).  Even Salinas's version of events does not include a claim that he had a parent-child relationship before the "taking" of these minor children.  Salinas did not know them.

1  Even if the Court engaged in the type of pretrial evidentiary determinations asked of it by the defense,

2  Salinas fails to meet the Tenth Circuit's standard.

3

4                                          Respectfully submitted,

   Dated: 10/9/2014
5

6                                          MELINDA HAAG
                                           UNITED STATES ATTORNEY
7
                                           _____/s/_____
8
                                           JEFFREY D. NEDROW
9                                          JEFFREY B. SCHENK
                                           Assistant United States Attorneys
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S SUPPLEMENTAL IN LOCO PARENTIS OPPOSTION
CR 12-00887-EJD